UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCER INSURANCE COMPANY,

                              Plaintiff,

      v.                                                   3:05-cv-0898

REBECCA BONSELL, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION & ORDER**

       Plaintiff Lancer Insurance Company commenced the instant interpleader action pursuant to 28 U.S.C. § 1335. The underlying basis for this action is a motor vehicle accident involving a bus that was insured by Plaintiff. Plaintiff purports to have identified numerous parties which may have claims against its insured arising out of the accident. Plaintiff believes that the total amount of claims against its insured will exceed $5,000,000. Plaintiff is offering up what it claims to be the full limits of the insurance policy ($5,000,000). Plaintiff seeks to pay that money into the Court's registry and then have each of the claimants litigate amongst themselves to ascertain their share of the insurance proceeds. Presently before the Court is Plaintiff's motion for leave to deposit the funds into the Court's registry. Also before the Court is the Defendant State of New York's motion to dismiss for lack of subject matter jurisdiction over it.

**I.      Eleventh Amendment Immunity**

Because the instant suit seeks to compel the State of New York to litigate in federal court and can expose the treasury of the State of New York to monetary damages, the suit against it is barred by the Eleventh Amendment. Cory v. White, 457 U.S. 85 (1982); see also National Indem. Co. v. Grimm, 760 F.Supp. 489 (W.D. Pa. 1991). Accordingly, the Complaint is dismissed as against the State of New York.

**II.     Motion to Interplead $5,000,000**

The next issue before the Court involves Lancer's motion to deposit $5,000,000 in the Court. Numerous objections have been filed to Lancer's motion. The objections raise concerns that $5,000,000 may not be the full extent of Lancer's liability and, therefore, it should not be excused from the litigation by the mere payment of $5,000,000 into the Court registry. Some of the objections argue that each automobile involved in the accident may constitute a separate accident or loss under the policy, each of which would be subject to a $5,000,000 limit. The parties argue that this issue is premature until there has been discovery concerning the limits of the policy and the nature of the underlying accident.

These objections are well-taken, but premature. Lancer's motion seeks to deposit $5,000,000 with the Court in an interest bearing account and nothing more. While Lancer may ultimately seek to have the Court determine that the full extent of its liability of $5,000,000, it has not yet requested any such relief. Similarly, Lancer has not yet sought an order precluding the commencement of any other actions against it.

Accordingly, the Court grants Lancer's motion insofar as it seeks to deposit $5,000,000 in the Court registry and into an interest bearing account. The Court makes no finding regarding whether this is the full amount of Lancer's liability or on any other matters,

except for the above finding that the matter must be dismissed as against the State of New York.

## III.     CONCLUSION

For the foregoing reasons, the State of New York's motion to dismiss is GRANTED. Lancer's motion to deposit $5,000,000 into the Court registry, in an interest bearing account, is GRANTED. In light of the Court's lack of jurisdiction over the State of New York, the parties should consider whether the instant interpleader action is the most appropriate and efficient means by which to resolve this matter.

IT IS SO ORDERED.

Dated: October 6, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge