UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCER INSURANCE COMPANY,

                          Plaintiff,

      v.                                                      3:05-cv-0898

REBECCA BONSELL, et al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION & ORDER

       Plaintiff Lancer Insurance Company commenced the instant interpleader action pursuant to 28 U.S.C. § 1335. The underlying basis for this action is a motor vehicle accident involving a bus that was insured by Plaintiff. Presently before the Court is Plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

       For the following reasons, Plaintiff's motion must be denied. First, Plaintiff has not properly entered default pursuant to Fed. R. Civ. P. 55(a), which is a pre-requisite to a default judgment. See N.D.N.Y.L.R. 55.2(b). Although Plaintiff attempted to enter a default, those requests were denied. See Dkt. Nos. 63, 64. Second, the Local Rules require that a motion for entry of default be accompanied by a clerk's certificate of entry of default. N.D.N.Y.L.R. 55.2(b). No such certificate is included with the instant motion. Third, Plaintiff has failed to demonstrate proper proof of service on several defendants. For example, Plaintiff submits an unsigned waiver of proof of service form as to Defendant Darrell Arneson. As another example, Plaintiff claims that it served various other Defendants via certified mail. However,

Plaintiff has failed to demonstrate how or why certified mail is a proper means of service. See Fed. R. Civ. P. 4; see e.g. Di Marco Constructors, LLC v. Sinacola, Inc., 407 F.Supp.2d 442, 444, n.1 (W.D.N.Y. 2006) ("[N]o part of Fed. R. Civ. P. 4 allows for service of process through certified mail."). To the extent Plaintiff purports to rely upon N.Y. Veh. & Traf. Law § 253(1) as the basis for serving defendants by certified mail, it is doubtful that that statute applies here and it further does not appear that Plaintiff has complied therewith.

For the foregoing reasons, Plaintiff's motion for a default judgment is DENIED.

IT IS SO ORDERED.

Dated:   May 24, 2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge